IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA SEWELL                                          *
          Plaintiff,
   v.                                                        *     CIVIL ACTION NO. AW-12-cv-2522

PRINCE GEORGE COUNTY DEPARTMENT*
  OF SOCIAL SERVICES
          Defendant.                           *
                                            *****

MEMORANDUM

On August 23, 2012, Plaintiff, a resident of Capitol Heights, Maryland, filed the instant self-represented civil rights case against the Prince George's County Department of Social Services. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted.

The factual allegations in the Complaint primarily relate to an investigation into alleged sexual abuse of Plaintiff's two minor boys. Plaintiff contends the agency closed the case on December 7, 2010, without adequate investigation, voided a child safety plan, and at some point arrested Plaintiff. Plaintiff contends the agency did not advise her of her right to appeal the decision to close the case, then admits that she did appeal the finding, but was unsuccessful in that endeavor. ECF No. 1 and attachments thereto. She seeks money damages in the amount of $20 million.

The claims raised in this Complaint plainly involve issues relating to child and family law matters litigated in the state court. The case may not proceed in this Court for a number of reasons. First, it involves matters of family law. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal

jurisdiction, federal courts do not have the power to intervene with regard to such matters. *See generally Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992).

Second, this action is based upon the history of prior state court family and circuit court proceedings.[1] Under the *Rooker-Feldman* doctrine,[2] a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[3] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

Finally, the Court is without jurisdiction to review a civil rights complaint filed against the State or its agencies. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., §12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus,

---

[1] Plaintiff is no stranger to the Maryland family and circuit courts. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[3] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

Plaintiff's complaint against the Department of Social Services is barred by the Eleventh Amendment.

Additionally,

For the aforementioned reasons, the Court hereby dismisses the case for lack of federal court subject matter jurisdiction. A separate Order follows.


Date:   August 28, 2012                                   /s/
                                                        Alexander Williams, Jr.
                                                        United States District Court